O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 2:19-CV-06867-CAS |
| | ) | 2:17-CR-00008-CAS - 1 |
| Plaintiff, | ) | |
| v. | ) | **ORDER DENYING DEFENDANT'S** |
| | ) | **PETITION TO VACATE, SET ASIDE,** |
| MICHAEL ANTHONY SPENCER, | ) | **OR CORRECT SENTENCE** |
| | ) | **PURSUANT TO 28 U.S.C. § 2255** |
| Defendant | ) | |
| | ) | |

### I. INTRODUCTION

Before the Court is *pro se* defendant Michael Anthony Spencer's petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Spencer is currently serving a 147-month sentence in federal custody, having pled guilty on February 27, 2017 to five counts of armed bank robbery and one count of possessing, using, carrying, or brandishing a firearm in furtherance of a crime of violence. Spencer requests relief from his sentence on grounds that he received ineffective assistance of counsel in several different respects.

Spencer filed this petition to vacate on August 7, 2019. ECF No. 73 ("Pet."). On December 2, 2019, the United States of America lodged an opposition with the Court under seal. See ECF No. 86 ("Opp."). Spencer filed a reply on February 3, 2020. ECF No. 18.

-1-

Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II. FACTUAL AND PROCEDURAL BACKGROUND

### A. The Offense

In 2016, Spencer and several co-conspirators engaged in a series of armed bank robberies throughout Southern California. In general, Spencer's role was to control bank employees with one or more firearms while a co-conspirator approached the teller's counter and removed cash. ECF No. 1. Other co-conspirators assisted Spencer in planning and executing the bank robberies, including by providing transportation to and from the banks at issue. Law enforcement determined that Spencer and his co-conspirators committed more than twenty robberies along these lines. Id.

### B. The Prosecution and Plea Agreement

Federal agents arrested Spencer on charges related to this conduct on or about November 21, 2016. ECF No. 1. On January 6, 2017, a grand jury indicted Spencer for conspiracy in violation of 18 U.S.C. § 371, five counts of armed bank robbery in violation of 18 U.S.C. § 2113(a), and three counts of possessing, using, carrying, and brandishing a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1). ECF No. 14. In a plea agreement with the United States entered into at a plea hearing held on February 27, 2017, Spencer pled guilty to five counts of armed bank robbery and one count of possessing, using, carrying, and brandishing a firearm in furtherance of a crime of violence. See ECF Nos. 24, 25. As part of the plea agreement, Spencer waived his right to appeal his conviction, the procedures and methods used to calculate his sentence, and the term of imprisonment imposed by the Court. ECF No 25. In exchange, the United States agreed to (i) dismiss the remaining two § 924(c) firearms counts, (ii) recommend a sentence at the low-end of the applicable guidelines range, (iii) recommend a downward adjustment for acceptance of responsibility, and also (iv) recommend an additional two-level downward variance. Id. At the plea hearing, the Court confirmed that Spencer had

entered into the plea agreement voluntarily with an understanding of the nature and consequences of doing so. See ECF No. 63 at 25-26.

### C. The Sentencing Proceedings

The United States Probation Office ("USPO") issued a presentence report on May 1, 2017. ECF No. 27 ("PSR"). The USPO considered Spencer's charged and prior offenses, as well as an analysis of Spencer's mental health history and medical treatment, and recommended a sentence of 181 months to be followed by a five year term of supervised release. Id. The recommendation reflected a two-level downward variance, and incorporated the seven year mandatory term associated with the violation of 18 U.S.C. § 924(c). ECF No. 26. Following release of the PSR, the Court held a status conference on May 11, 2017. ECF No. 30. In sealed proceedings at that conference, Spencer considered, but ultimately declined, to withdraw his guilty plea. Id. Spencer elected to proceed with sentencing on the basis of the plea agreement. Id. After several stipulations to modify dates, the the Court set a sentencing hearing for August 7, 2017. ECF No. 33.

Spencer's counsel filed a comprehensive memorandum addressing Spencer's sentencing position on July 31, 2017. ECF No. 36. Spencer contended that, because of his mental health condition, he should receive a lower sentence. Spencer also contended that the Court should reject the USPO guideline calculation, consider a minor role adjustment, and approve a three-level downward departure because Spencer claimed to have cooperated with the government. Id. That same day, the United States filed its sentencing position. ECF No. 43. The United States recommended a sentence of 161 months—20 months less than the USPO recommendation—that included 84 months required by § 924(c), and 77 months for the remaining charges. Id. The 77 month sentence reflected the low end of the applicable range permitted by the sentencing guidelines. Id. In addition, the United States also recommended that Spencer receive an addition five-level downward variance for information provided to the government. Id.

The Court considered these positions and, on August 7, 2017, sentenced Spencer to 147 months in custody. ECF No. 45. The sentence included 63 months for the five bank

robbery counts, and 84 months for the firearms count, to be served consecutively. ECF No. 46.

### D. The Post-Sentencing Proceedings

After sentencing, Spencer filed a notice of appeal. ECF No. 48. Spencer's counsel moved to withdraw from the appeal as counsel of record pursuant to Anders v. California, 386 U.S. 738 (1967) on grounds that there was no basis for appellate relief. See United States v. Spencer, No. 17-50303, ECF No. 23 (filed 9th Cir. Oct. 4, 2018). The United States then filed a motion to dismiss the appeal, which the Ninth Circuit effectively granted. Id. at ECF No. 40-1. The Ninth Circuit concluded, among other things, that its "independent review of the record . . . discloses no arguable grounds for relief as to the voluntariness of Spencer's pleas" or "the calculation of the criminal history category." Id. at 2. The Ninth Circuit then remanded for resentencing as to the joint and several nature of Spencer's restitution, and this Court subsequently re-sentenced Spencer consistent with that ruling on October 7, 2019. ECF Nos. 80, 81.

### III. LEGAL STANDARD

A petition pursuant to 28 U.S.C. § 2255 challenges a federal conviction and/or sentence to confinement where a prisoner claims "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." Sanders v. United States, 373 U.S. 1, 2 (1963). A § 2255 motion may be resolved without an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

Ineffective assistance of counsel constitutes a violation of the Sixth Amendment right to counsel, and thus, if established, is grounds for relief under § 2255. To establish ineffective assistance of counsel, a petitioner must prove by a preponderance of the evidence that: (1) the assistance provided by counsel fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's errors,

the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 688, 694 (1984). A claim of ineffective assistance of counsel fails if either prong of the test is not satisfied, and petitioner has the burden of establishing both prongs. Id. at 697; United States v. Quintero-Barraza, 78 F.3d 1344, 1348 (9th Cir. 1995). "[B]ald legal conclusions with no supporting factual allegations" are not enough to carry a petitioner's burden under § 2255, or to establish a basis to hold an evidentiary hearing. Sanders, 373 U.S. at 19. Although *pro se* habeas claims are construed liberally, see, e.g., Porter v. Ollison, 620 F.3d 952, 958 (9th Cir. 2010), "conclusory assertions" of ineffectiveness "fall far short of stating a valid claim of constitutional violation," even for a *pro se* petitioner. Jones v. Gomez, 66 F.3d 199, 204-05 (9th Cir. 1995).

With respect to the first prong, the Court's review of the reasonableness of counsel's performance is "highly deferential," and there is a "strong presumption" that counsel exercised reasonable professional judgment. Quintero-Barraza, 78 F.3d at 1348. The petitioner must "surmount the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id.

After establishing an error by counsel and thus satisfying the first prong, a petitioner must satisfy the second prong by demonstrating that his counsel's error rendered the result unreliable or the trial fundamentally unfair. Lockhart v. Fretwell, 506 U.S. 364, 372 (1993). A petitioner must show that there is a reasonable probability that, but for his counsel's error, the result of the proceeding would have been different. Strickland, 466 U.S. at 694. A "reasonable probability" is a probability sufficient to undermine confidence in the outcome. Id.

The Court need not necessarily determine whether petitioner has satisfied the first prong before considering the second. The Supreme Court has held that "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, that course should be followed." Id. at 670. Indeed, a petitioner's failure to allege the kind of prejudice necessary to satisfy the second prong is sufficient by itself to justify a denial of a petitioner's § 2255 motion without hearing. Hill v. Lockhart, 474 U.S. 52, 60 (1985).

## IV. DISCUSSION

Spencer petitions for relief on the sole basis that he was provided ineffective assistance of counsel. Specifically, Spencer contends that his attorney was ineffective because she allegedly: (1) "knew" that Spencer "had a mental illness disorder and did not file a motion . . . to issue a [m]ental [c]ompetency [e]valuation"; (2) failed to secure a "variance," which Spencer claims he "never received"; (3) failed to "argue [o]ld 25 year[] priors"; (4) failed to oppose a "[d]ouble [c]ounting" in the computation of Spencer's sentence. See Pet. at 4-9.

None of these theories establish the existence of a deficiency, let alone a prejudicial deficiency. At the outset, Spencer's "conclusory suggestions" generally fails to make any "reference to the record" and are therefore categorically inadequate to satisfy "the specificity requirement" that applies even to *pro se* pleadings. Jones, 66 F.3d at 204-05. But even taken on their merits, each of Spencer's assertions fails.

### A. Alleged Failure To Raise Spencer's Mental Health Earlier

Spencer argues that his counsel's decision to raise Spencer's mental health at sentencing, but not to move earlier for a mental competency evaluation, constitutes deficient assistance. Pet. at 4. But "[a] tactical decision by counsel with which the defendant disagrees cannot form the basis of a claim of ineffective assistance of counsel." Guam v. Santos, 741 F.2d 1167, 1169 (9th Cir. 1984); see also Gustave v. United States, 627 F.2d 901, 904 (9th Cir. 1980) ("Mere criticism of a tactic or strategy is not in itself sufficient to support a charge of inadequate representation."). The test is whether the "strategy choice" was "within the range of professionally reasonable judgments" available to Spencer's attorney at the time. Strickland, 466 U.S. at 104.

There is no basis to conclude that defense counsel acted unreasonably in electing to forego a mental competency examination. The showing required to establish an incompetency or diminished capacity defense is an onerous one, such that it is completely reasonable for counsel to determine that a defense based on mental capacity is better raised at sentencing. See United States v. Twine, 853 F.2d 676, 681 (9th Cir. 1988) (holding that

-6-

a defendant asserting this defense must prove that he did not "possess[] the mental capacity to form the specific intent" required to commit the charged crime, and also observing the "[r]estrictive use" of this defense given that "Congress intended to restrict a defendant's ability to excuse guilt with mental defect evidence"). Indeed, it is apparent that Spencer's defense attorney knew about Spencer's mental health history, weighed its value to Spencer's case, and simply elected to vigorously argue Spencer's mental health issues as mitigation factors at sentencing. See, e.g., Spencer's Sentencing Br., ECF No. 36 at 3-22 (asserting a variety of arguments relying on Spencer's mental health and treatment history intended to secure the lowest possible sentence). "[D]efense counsel will often have the best-informed view" of how to proceed in a given case. Medina v. California, 505 U.S. 437, 450 (1992). Standing alone, the decision not to raise Spencer's mental health in the strategic manner that Spencer now says he would have preferred is not sufficient evidence to overcome the "strong presumption" that his counsel's choice reflected "sound trial strategy." Quintero-Barraza, 78 F.3d at 1348 (citing Strickland, 466 U.S. at 690). The Court accordingly concludes that Spencer was not deprived of effective counsel on this basis.

### B. Alleged Failure To Secure A Variance

Spencer next contends that he was denied the effective assistance of counsel because he did not receive a variance from the United States. Pet. at 8. But Spencer's counsel actually secured a *five-level* downward variance to his sentence, even though his plea agreement only obligated the United States to recommend a two-level downward variance. See ECF Nos. 25, 36, 45. This is therefore not a basis to conclude that Spencer was denied the effective assistance of counsel.

### C. Alleged Failure To Contest Relevance Of Spencer's Priors

Spencer also contends that his defense counsel failed to contest the relevance of his prior convictions to his sentencing determination. Pet. at 8. Spencer is again mistaken. Defense counsel's sentencing brief expressly objected to the consideration of Spencer's prior convictions, arguing that the application of those offenses to Spencer's sentencing

calculation would be improper *inter alia* because the offenses "appear to have been precipitated by undiagnosed and untreated mental illness." ECF No. 36 at 7. The record simply negates the factual basis for Spencer's assertion. This argument presents no grounds to conclude that Spencer was denied effective assistance of counsel, either.

### D. Alleged Failure To Oppose Double Counting

As a final ground, Spencer contends that his defense counsel denied him the effective assistance of counsel by failing to contest what Spencer characterizes as "illegal double counting." Pet. at 8-9. Impermissible double counting occurs when one part of the United States sentencing guidelines is applied to increase a defendant's punishment on account of a kind of harm that has already been fully accounted for by the application of another part of the sentencing guidelines. See United States v. Romero, 293 F.3d 1120, 1123 (9th Cir. 2002) (holding that there was no double counting since the "two parts of the Guidelines were not cumulatively applied").

No double counting occurred in Spencer's case. Spencer was charged with conspiracy, five counts of armed bank robbery, but only three § 924(c) counts related to Spencer's use of a firearm in the commission of those crimes. Spencer appears to contend that his counsel should have objected to the Court's application of a dangerous weapon sentencing enhancement, applied pursuant to sentencing guideline § 2B3.1(b)(2)(B), because the § 924(c) counts already fully punished Spencer for the use of a firearm. Pet. at 8-9. The six-level enhancement applied for the use of a dangerous weapon pursuant to sentencing guideline § 2B3.1(b)(2)(B), however, was appropriately limited to the armed robbery counts for which there was *no* corresponding § 924(c) enhancement. The application of the sentencing guideline enhancement was therefore permissible. See, e.g., United States v. Reynosa, No. 98-CR-0100 SI, 2008 WL 1734728, at *3 (N.D. Cal. Apr. 14, 2008) (concluding that there was no double counting because "the Court did not apply a weapons enhancement to Count 8, the offense underlying the § 924(c) conviction"). Because the "failure to make a futile" argument "does not constitute ineffective assistance of counsel," James v. Borg, 24 F.3d 20, 27 (9th Cir. 1994), Spencer cannot establish that

he was denied the effective assistance of counsel because his attorney did not argue against non-existent double counting.

\* \* \*

Since the Court concludes that Spencer has failed to establish any deficiency in his representation, it need not reach the second step of the analysis regarding the possibility of prejudice. Strickland, 466 U.S. at 670. Moreover, because the Court concludes that the record "conclusively show[s] that" Spencer "is entitled to no relief," the Court declines Spencer's request to hold an evidentiary hearing. See 28 U.S.C. § 2255(b); Sanders, 373 U.S. at 19.

## V. CONCLUSION

For the foregoing reasons, Spencer's petition is **DENIED**.

**IT IS SO ORDERED.**

DATED: February 11, 2020

_____
CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE