UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**     'O'

| Case No. | 2:17-CR-00008-CAS-1 | Date | July 27, 2021 |
|---|---|---|---|
| Present: The Honorable | CHRISTINA A. SNYDER | | |
| Interpreter | N/A | | |

| Catherine Jeang | Not Present | Jeffrey Chemerinsky, Not Present<br>Joseph Axelrad, Not Present |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder, Tape No.* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant: | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| MICHAEL ANTHONY SPENCER, PRO SE | NOT | X | | | | | |

**Proceedings:**     (IN CHAMBERS) – MOTION FOR REDUCTION IN SENTENCE UNDER 18 U.S.C. § 3582 (Dkt. 95, filed on October 5, 2020)

## I. INTRODUCTION

Before the Court is defendant Michael Anthony Spencer's motion for compassionate release pursuant to 18 U.S.C. § 3582 ("Section 3582"), filed on October 5, 2020. Dkt. 95 ("Mot."). The government filed an opposition on February 12, 2021, dkt. 101 ("Opp."), and defendant replied on February 19, 2021, dkt. 102 ("Opp."). Since then, defendant has filed a supplemental filing and a status update. Dkts. 104, 105 ("Status Update").

Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II. BACKGROUND

Defendant was arrested on September 29, 2016, and indicted for his participation in a series of armed bank robberies. Dkts. 1, 14. Defendant pled guilty to five counts of armed bank robbery, in violation of 18 U.S.C. § 2113(a)(d), and one count of possessing, using, carrying, and brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c). Dkt. 46 at 1. On August 7, 2017, the Honorable Beverly Reid O'Connell, United States District Judge, presiding, sentenced defendant to 147 months' imprisonment, followed by five years' supervised release. Id. Judge O'Connell also ordered defendant to pay $39,177 in restitution pursuant to 18 U.S.C. § 3663A. Id. Defendant is currently serving his sentence in the custody of the Bureau of Prisons ("BOP") at Federal Correctional Institution Tallahassee ("FCI

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CRIMINAL MINUTES – GENERAL        'O'

Tallahassee"). His projected release date is May 19, 2027. Opp. at 4. As of this order, defendant has served approximately 42% of his sentence.[1]

### A. Defendant's Habeas Petition

On August 7, 2019, defendant, proceeding *pro se*, submitted a motion to vacate his sentence pursuant to 18 U.S.C. § 2255. Dkt. 72. In his memorandum in support of this motion, defendant argued that his attorney was deficient because she allegedly failed to move for a mental competency evaluation of defendant, failed to secure a variance, failed to contest certain prior convictions, and failed to oppose what defendant contended was "double counting" in computing defendant's sentence. Dkt. 73 at 4–9. The Court denied defendant's motion on April 10, 2020, finding that defendant failed to establish any deficiency in his representation. Dkt. 93. Before it did so, however, defendant filed a Traverse Motion in Rebuttal to the Government's Response, which for the first time requested that the Court reduce defendant's sentence pursuant to Section 3582(c). Dkt. 88 ("Traverse Mot.") at 12.

### B. Defendant's Motion for Compassionate Release

Defendant's instant motion, also filed *pro se*, is identical to his prior Traverse Motion, but is entitled Traverse Motion in Rebuttal to the Government's Response, Compassionate Release. Mot. at 1. Accordingly, the Court has construed this as a motion for compassionate release. See dkt. 96 at 1. Defendant contends his medical conditions, such as schizoaffective disorder, a mood disorder, diabetes and high blood pressure, as well as the risk of COVID-19 infection, constitute extraordinary and compelling reasons for his release. Mot. at 2; Reply at 9, 10. Defendant adds that he has completed 500 hours of work in UNICOR, has taken various classes, and has completed an apprenticeship in electronics. Mot. at 12; Status Update at 2. Furthermore, if released, defendant states he would live with Tondalia Chandler in Los Angeles, California, and would receive mental health treatment from Dr. Yoshado K. Lang, at the Los Angeles County Department of Mental Health, who has been defendant's psychologist since 2009. Reply at 10, 12–13; dkt. 101-2 at 1. (The record does not specify Chandler's relationship to defendant.)

The government responds that, at least at the time of its opposition, BOP facilities were experiencing low rates of COVID-19 transmission, the BOP had implemented policies to curtail the spread of infection, and defendant's diabetes and high blood pressure were adequately

---

[1] On June 18, 2019, this matter was randomly reassigned to this Court upon the death of Judge O'Connell. Dkt. 71.

controlled. Opp. at 20. The government adds that defendant's release plan is inadequate. Id. at 21.

### III. LEGAL STANDARD

"A judgment of conviction that includes a sentence of imprisonment constitutes a final judgment and may not be modified by a district court except in limited circumstances." Dillon v. United States, 560 U.S. 817, 824 (2010) (alterations omitted). "Compassionate release provides an exception" to this general rule "in extraordinary cases." United States v. Holden, No. 3:13-cr-00444-BR, 2020 WL 1673440, at *2 (D. Or. Apr. 6, 2020).

Prior to December 21, 2018, "the Court could only reduce a sentence of imprisonment upon a motion of the Director of the Bureau of Prisons[.]" United States v. Esparza, No. 1:07-cr-00294-BLW, 2020 WL 1696084, at *1 n.1 (D. Idaho Apr. 7, 2020). But on December 21, 2018, Congress enacted—and the President signed into law—the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 ("FSA"), "with the intent of 'increasing the use and transparency of compassionate release.'" United States v. Willis, 382 F. Supp. 3d 1185, 1187 (D.N.M. 2019). Accordingly, the FSA now "permits defendants to bring their own motions for compassionate release after first exhausting their administrative remedies with the Bureau of Prisons." United States v. Ayon-Nunez, No. 1:16-cr-00130-DAD, 2020 WL 704785, at *2 (E.D. Cal. Feb. 12, 2020). "Although relief under the statute is commonly referred to as 'compassionate release,' such relief is not limited to immediate release, but includes a reduction in sentence." United States v. Marks, No. 03-cr-06033-L, 2020 WL 1908911, at *3 n.3 (W.D.N.Y. Apr. 20, 2020).

"Compassionate release is governed by 18 U.S.C. § 3582(c)." Willis, 382 F. Supp. 3d at 1187. The FSA modified Section 3582(c)(1)(A)(i) to allow for compassionate release when three requirements are met: "First, as a threshold matter, the statute requires defendants to exhaust administrative remedies. Second, a district court may grant compassionate release only if 'extraordinary and compelling reasons warrant such a reduction' . . . . Third, the district court must also consider 'the factors set forth in Section 3553(a) to the extent they are applicable.'" United States v. Rodriguez, 424 F. Supp. 3d 674, 680 (N.D. Cal. 2019) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)); see 18 U.S.C. § 3553(a) ("Section 3553(a)"). The FSA "grants broad discretion to the district courts in providing relief[.]" Jones v. United States, No. 4:98-cr-10-01, 2020 WL 219311, at *3 (E.D. Va. Jan. 6, 2020).

/ / /

/ / /

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**      'O'

## IV.    DISCUSSION

### A. Exhaustion of Administrative Remedies

"[A] court may not consider a motion brought under § 3582(c)(1)(A) unless (1) the Director of the BOP has filed the motion on the inmate's behalf, or (2) the inmate has requested that the BOP make such a motion and either (a) the inmate has "fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the [inmate]'s behalf," or (b) 30 days have elapsed since the "warden of the [inmate]'s facility" received a compassionate-release request from the inmate." United States v. Keller, –––– F.4th ––––, 2021 WL 2695129, at *3 (9th Cir. July 1, 2021) (alterations in original). This "administrative exhaustion requirement imposes a mandatory claim-processing rule that must be enforced when properly invoked." Id. at *4.

As noted above, defendant filed the instant motion on October 5, 2020. On November 12, 2020, the Court issued a minute order setting a briefing schedule, and stating that it construed the motion as a motion for compassionate release pursuant to Section 3582. Dkt. 96 at 1. Thereafter, on November 20, 2020, defendant filed, for the first time, an Inmate Request to Staff requesting that he be released pursuant to Section 3582(c)(1)(A). Dkt. 101-2, Opp., Exh. 1. He addressed the request to one Case Manager Epps. Id. Although defendant does not address the exhaustion requirement in his briefing, the government conceded that defendant had satisfied this requirement, apparently reasoning that this was the case because 30 days had elapsed since defendant filed his request with the BOP. Opp. at 10–11. But see id. at 4 (stating, apparently incorrectly, that defendant filed request with BOP before filing instant motion).

Since the government's opposition, the Ninth Circuit has clarified certain aspects of the exhaustion requirement imposed by Section 3582(c)(1)(A). Relevant here, the court in Keller observed that "[t]he statute plainly states that the 'court may not modify a term of imprisonment . . . except . . . , upon the motion of the defendant *after*' the defendant has fully exhausted his administrative remedies." 2021 WL 2695129, at *4 (quoting 18 U.S.C § a3582(c)(1)(A)) (emphasis and alterations in original). Accordingly, the court there held that the defendant had failed to exhaust his administrative remedies where he filed a request with the BOP after filing his motion for compassionate release, despite the fact that the district court ruled on the motion after 30 had passed since the filing of the request. Id. Although the government here has not objected on the ground that defendant failed to exhaust his administrative remedies before filing this motion, the government did not have the benefit of Keller when it filed its opposition. The procedural circumstances here parallel those in Keller, and the Court therefore concludes that defendant's motion must be denied without prejudice because he failed to exhaust his administrative remedies before filing the motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**  'O'

Finally, because "a district court that properly denies compassionate release need not evaluate each step" in the Section 3582(c)(1)(A) analysis, id. at * 5 (emphasis omitted), the Court does not reach the questions of whether defendant has established extraordinary and compelling reasons for release, or whether release would comply with Section 3553(a).

V.   CONCLUSION

In accordance with the foregoing, the Court **DENIES** defendant's motion for compassionate release **without prejudice** to his refiling the motion after exhausting his administrative remedies.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Deputy Clerk | CMJ |