UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**     'O'

| Case No. | 2:17-CR-00008-CAS-1 | Date | August 10, 2022 |
|---|---|---|---|
| Present: The Honorable | CHRISTINA A. SNYDER | | |
| Interpreter | N/A | | |

| Catherine Jeang | Not Present | Jeffrey Chemerinsky, Not Present |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder, Tape No.* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond. | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| MICHAEL ANTHONY SPENCER, PRO SE | NOT | X | | | | | |

**Proceedings:** (IN CHAMBERS) – MOTION FOR REDUCTION IN SENTENCE UNDER 18 U.S.C. § 3582 (Dkt. 114, filed on December 2, 2021)

## I. INTRODUCTION

Before the Court is defendant Michael Anthony Spencer's motion for compassionate release pursuant to 18 U.S.C. § 3582 ("Section 3582"), filed on December 2, 2021. Dkt. 114 ("Mot."). After seeking and receiving several extensions of time to respond, the government filed an opposition on May 23, 2022, dkt. 136 ("Opp."), and defendant replied on June 6, 2022, dkt. 138 ("Reply").

Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II. BACKGROUND

Defendant was arrested on September 29, 2016, and indicted for his participation in a series of armed bank robberies. Dkts. 1, 14. Defendant pled guilty to five counts of armed bank robbery, in violation of 18 U.S.C. § 2113(a)(d), and one count of possessing, using, carrying, and brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c). Dkt. 46 at 1. On August 7, 2017, the Honorable Beverly Reid O'Connell, United States District Judge, presiding, sentenced defendant to 147 months' imprisonment, followed by five years' supervised release. Id. Judge O'Connell also ordered defendant to pay $39,177 in restitution pursuant to 18 U.S.C. § 3663A. Id. Defendant is currently serving his sentence in the custody of the Bureau of Prisons ("BOP") at Federal Correctional Institution Big Spring ("FCI Big Spring").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**     'O'

Dkt. 113. Defendant has served approximately half of his sentence, with a projected release date in May 19, 2027. See Opp. at 3.[1]

### A. Defendant's Habeas Petition

On August 7, 2019, defendant, proceeding *pro se*, submitted a motion to vacate his sentence pursuant to 18 U.S.C. § 2255. Dkt. 72. In his memorandum in support of this motion, defendant argued that his attorney was deficient because she allegedly failed to move for a mental competency evaluation of defendant, failed to secure a variance, failed to contest certain prior convictions, and failed to oppose what defendant contended was "double counting" in computing defendant's sentence. Dkt. 73 at 4–9. The Court denied defendant's motion on April 10, 2020, finding that defendant failed to establish any deficiency in his representation. Dkt. 93.

### B. Defendant's Prior Motion for Compassionate Release

On October 5, 2020, defendant first filed a motion for compassionate release pursuant to Section 3582. Dkt. 95. The government filed an opposition on February 12, 2021, dkt. 101, and defendant replied on February 19, 2021, dkt. 102, along with an untitled supplemental filing and a "status check," dkts. 104, 105.

On July 27, 2021, the Court found that defendant had failed to exhaust his administrative remedies and denied his motion for compassionate release without prejudice. Dkt. 106.

### C. Defendant's Instant Motion for Compassionate Release

On December 2, 2021, defendant filed a new motion for compassionate release. After seeking and receiving several extensions of time to respond, the government filed an opposition on May 23, 2022. In addition to his reply filed on June 6, 2022, defendant has filed several supplemental letters from his fiancé, Erika Farar, and from Reverend Marcia Baines, Prison Ministry, in support of his motion for compassionate release. Dkts. 137, 139.

/ / /

/ / /

---

[1] On June 18, 2019, this matter was randomly reassigned to this Court upon the death of Judge O'Connell. Dkt. 71.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**             'O'

### III. LEGAL STANDARD

"A judgment of conviction that includes a sentence of imprisonment constitutes a final judgment and may not be modified by a district court except in limited circumstances." Dillon v. United States, 560 U.S. 817, 824 (2010) (alterations omitted). "Compassionate release provides an exception" to this general rule "in extraordinary cases." United States v. Holden, No. 3:13-cr-00444-BR, 2020 WL 1673440, at *2 (D. Or. Apr. 6, 2020).

Prior to December 21, 2018, "the Court could only reduce a sentence of imprisonment upon a motion of the Director of the Bureau of Prisons[.]" United States v. Esparza, No. 1:07-cr-00294-BLW, 2020 WL 1696084, at *1 n.1 (D. Idaho Apr. 7, 2020). But on December 21, 2018, Congress enacted—and the President signed into law—the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 ("FSA"), "with the intent of 'increasing the use and transparency of compassionate release.'" United States v. Willis, 382 F. Supp. 3d 1185, 1187 (D.N.M. 2019). Accordingly, the FSA now "permits defendants to bring their own motions for compassionate release after first exhausting their administrative remedies with the Bureau of Prisons." United States v. Ayon-Nunez, No. 1:16-cr-00130-DAD, 2020 WL 704785, at *2 (E.D. Cal. Feb. 12, 2020). "Although relief under the statute is commonly referred to as 'compassionate release,' such relief is not limited to immediate release, but includes a reduction in sentence." United States v. Marks, No. 03-cr-06033-L, 2020 WL 1908911, at *3 n.3 (W.D.N.Y. Apr. 20, 2020).

"Compassionate release is governed by 18 U.S.C. § 3582(c)." Willis, 382 F. Supp. 3d at 1187. The FSA modified Section 3582(c)(1)(A)(i) to allow for compassionate release when three requirements are met: "First, as a threshold matter, the statute requires defendants to exhaust administrative remedies. Second, a district court may grant compassionate release only if 'extraordinary and compelling reasons warrant such a reduction' . . . . Third, the district court must also consider 'the factors set forth in Section 3553(a) to the extent they are applicable.'" United States v. Rodriguez, 424 F. Supp. 3d 674, 680 (N.D. Cal. 2019) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)); see 18 U.S.C. § 3553(a) ("Section 3553(a)"). The FSA "grants broad discretion to the district courts in providing relief[.]" Jones v. United States, No. 4:98-cr-10-01, 2020 WL 219311, at *3 (E.D. Va. Jan. 6, 2020).

### IV. DISCUSSION

#### A. Exhaustion of Administrative Remedies

"[A] court may not consider a motion brought under § 3582(c)(1)(A) unless (1) the Director of the BOP has filed the motion on the inmate's behalf, or (2) the inmate has requested that the BOP make such a motion and either (a) the inmate has "fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the [inmate]'s behalf," or (b) 30 days have

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**         'O'

elapsed since the "warden of the [inmate]'s facility" received a compassionate-release request from the inmate." United States v. Keller, 2 F.4th 1278, 1281 (9th Cir. July 1, 2021) (alterations in original). This "administrative exhaustion requirement imposes a mandatory claim-processing rule that must be enforced when properly invoked." Id. at 1282.

Here, defendant contends that he has met the administration exhaustion requirement, and unlike the prior motion for compassionate release, the government has not disputed this point. See Mot. at 2; Opp. at 6–8.

### B. Extraordinary and Compelling Reasons

Section 3582(c) "provides a path for defendants in 'extraordinary and compelling circumstances' to be released from prison early." Rodriguez, 424 F. Supp. 3d at 681 (quoting 18 U.S.C. § 3582(c)(1)(A)). "Congress provided no statutory definition of 'extraordinary and compelling reasons.'" United States v. Aruda, 993 F.3d 797, 800 (9th Cir. 2021). Instead, Congress tasked the Sentencing Commission with "promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A)," including "what should be considered extraordinary and compelling reasons for sentence reduction . . . ." 28 U.S.C. § 994(t).

The Sentencing Commission issued a policy statement regarding "Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A)" at U.S.S.G. § 1B1.13. However, this policy statement pre-dated the FSA, and the Ninth Circuit has now held that it is not an "applicable policy statement[]" under Section 3582. Aruda, 993 F.3d at 802; see 18 U.S.C. § 3582(c)(1)(A)(i). In so doing, the Ninth Circuit cited approvingly to the Fourth Circuit's conclusion that, in the absence of an applicable policy statement, "district courts are 'empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise.'" United States v. McCoy, 981 F.3d 271, 284 (4th Cir. 2020) (quoting United States v. Brooker, 976 F.3d 228, 234–37 (2d Cir. 2020)) (alteration and emphasis in original). Nevertheless, the Ninth Circuit advised that, although not binding, "[t]he Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant . . . ." Aruda, 993 F.3d at 802.

Defendant argues that extraordinary and compelling reasons exist on the basis that he has completed over half of his federal sentence and that he "suffers from high blood pressure, diabetes, and schizoaffective disorder" as well as bi-polar disorder. Mot. at 2. Additionally, defendant contends that he is at "great risk with this deadly Delta variant of COVID-19." Id.

In opposition, the government cites the Third Circuit's holding in United States v. Raia that—notwithstanding "the risks that COVID-19 poses in the federal prison system"—the "mere existence of COVID-19 in society and the possibility that it may spread to a particular prison

**CRIMINAL MINUTES – GENERAL**      'O'

cannot independently justify compassionate release." Opp. at 10 (quoting 954 F.3d 594, 597 (3d Cir. 2020)). As to defendant's individual health conditions, the government claims that the Centers for Disease Control ("CDC") has not identified high blood pressure and diabetes as a high-risk factor for COVID-19. Opp. at 11.[2] Additionally, the government contends that defendant's "health concerns do not, by themselves, satisfy [Section] 1B1.13" because defendant is not " 'terminally ill' " or "subject to a serious and unrecoverable condition that makes him unable to 'provide self-care' within a BOP facility." Id. at 11–12 (citing USSG section 1b1.13 comment. (n.1(A)(i)-(ii)).

In reply, defendant contends that he is a Care Level-2 inmate and attaches a 2017 letter prepared by a clinical psychologist at the time of defendant's sentencing that recommended "[defendant] be able to fulfill his sentence in a facility that caters to individuals with severe mental health challenges." Reply at 2; dkt. 138-4. Additionally, defendant asserts without accompanying evidence that FCI Big Spring has "no medical staff to help inmate[s]" and that five prisoners there have died of COVID-19. Reply at 4.

Given the legal standards for compassionate release set forth above, the Court agrees with the government at this point that the combination of defendants' health conditions and the risk of COVID-19 "simply does not present an extraordinary and compelling reason to release defendant early from his sentence." Id. at 12; see, e.g., United States v. Kariblghossian, No. 2:13-CR-

---

[2] It appears that, contrary to the government's assertion, at varying times CDC has identified diabetes as a potential high-risk factor for COVID-19. Although the link cited in the government's opposition is not currently functional, a nearly identical link on the CDC's website explains that diabetes "can make [one] more likely to get very sick from COVID-19 Compare Opp. at 11 (citing Centers for Disease Control, Coronavirus Disease 2019 (COVID-19)—People Who Are At Higher Risk, available at https://www.cdc.gov/coronavirus/2019-ncov/need-extraprecautions/people-at-higher-risk.html); with Centers for Disease Control, Covid-19—People with Certain Medical Conditions, available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (updated May 2, 2022, accessed August 9, 2022). Another CDC webpage lists diabetes as an "underlying medical condition or risk factor" with "higher risk for severe COVID-19 outcomes." Centers for Disease Control, Underlying Medical Conditions Associated with Higher Risk for Severe COVID-19: Information for Healthcare Professionals, available at https://www.cdc.gov/coronavirus/2019-ncov/hcp/clinical-care/underlyingconditions.html (updated June 15, 2022, accessed August 9, 2022). Nonetheless, as set forth below, the mere existence of high-risk factors for COVID-19 does not automatically constitute "extraordinary and compelling reasons" for compassionate release.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL          'O'**

00318-CAS-1, 2021 WL 1200181, at *3 (C.D. Cal. Mar. 29, 2021) (denying relief to a COVID-19 vaccinated defendant with medical conditions including diabetes, obesity, and hypertension); United States v. Kolodesh, 484 F. Supp. 3d 245, 247–48 (E.D. Pa. 2020) (denying relief to a 58-year-old defendant with heart disease, obesity, and other conditions before development of COVID-19 vaccines); United States v. Hill, No. 18-271, 2020 WL 4431530, at *1 (E.D. Pa. July 31, 2020) (similar).

Without a record reflecting "inadequate or insufficient" treatment of defendant's health conditions or a showing that FCI Big Spring's handling of the pandemic poses an individual concern, defendant cannot "meet his burden demonstrating that this claim serves as grounds for compassionate release and the evidence he has submitted is insufficient to warrant the relief requested." United States v. Street, No. 2:18-CR-00131-RAJ, 2021 WL 124408, at *4 (W.D. Wash. Jan. 13, 2021); see also id. at *5 ("This Court does not dispute that challenging and deadly conditions may exist at varying prison facilities around the United States . . . What is critical for this Court's determination of [defendant's] motion is whether his individual circumstances warrant compassionate release."). Accordingly, the Court cannot grant a motion for compassionate release based upon the present record.

Finally, because "a district court that properly denies compassionate release need not evaluate each step" in the Section 3582(c)(1)(A) analysis, Keller, 2 F.4th at 1284 (emphasis omitted), the Court does not reach the question of whether such release would comply with Section 3553(a).

## V.     CONCLUSION

In accordance with the foregoing, the Court **DENIES** defendant's motion for compassionate release **without prejudice**. Defendant may file another motion for compassionate release after exhausting his administrative remedies.

IT IS SO ORDERED.

|                          |  00  :  00  |
|--------------------------|-------------|
| Initials of Deputy Clerk |     CMJ     |