UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**           'O'

| Case No. | 2:17-CR-00008-CAS-1 | Date | September 7, 2023 |
|---|---|---|---|
| Present: The Honorable | CHRISTINA A. SNYDER | | |
| Interpreter | N/A | | |

| Catherine Jeang | Not Present | Jeffrey Chemerinsky |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder, Tape No.* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant: | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| Michael Anthony Spencer | Not | X | | Patrick McLaughlin | Not | | X |

**Proceedings:** (IN CHAMBERS) – MOTION FOR REDUCTION IN SENTENCE PURSUANT TO 18 U.S.C. § 3582 (Dkt. 143, filed on September 19, 2022)

REQUEST TO SUSPEND RESTITUTION PAYMENT SCHEDULE (Dkt. 140, filed on August 4, 2022)

## I.  INTRODUCTION AND BACKGROUND

Before the Court is defendant Michael Anthony Spencer's motion for compassionate release pursuant to 18 U.S.C. § 3582, as well as his request to suspend his restitution payment obligations until after his release from prison.

Defendant was arrested on September 29, 2016, and indicted for his participation in a series of armed bank robberies. Dkts. 1, 14. Defendant pled guilty to five counts of armed bank robbery, in violation of 18 U.S.C. § 2113(a)(d), and one count of possessing, using, carrying, and brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c). Dkt. 46 at 1. On August 7, 2017, the Honorable Beverly Reid O'Connell, United States District Judge, sentenced defendant to 147 months of imprisonment, followed by five years of supervised release. Id. Judge O'Connell also ordered defendant to pay $39,177 in restitution pursuant to 18 U.S.C. § 3663A, to be paid in $25 quarterly instalments. Id. Defendant is currently serving his sentence in the custody of the Bureau of Prisons ("BOP") at Federal Correctional Institution Big

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**               **'O'**

Spring ("FCI Big Spring") in Texas.  Dkt. 113.  Defendant has served slightly over half of his sentence, with a projected release date in May 19, 2027.[1]

On October 5, 2020, defendant first filed a motion for compassionate release pursuant to Section 3582.  Dkt. 95.  On July 27, 2021, the Court found that defendant had failed to exhaust his administrative remedies and denied his motion for compassionate release without prejudice.  Dkt. 106.

On December 2, 2021, defendant filed a subsequent motion for compassionate release on the basis that he possesses health conditions that are high-risk factors for the COVID-19 virus.  Dkt. 114 .  On August 10, 2022, the Court denied defendant's motion for compassionate release on the basis that possessing high-risk factors for COVID-19 does not present an extraordinary and compelling reason to warrant compassionate release pursuant to 18 U.S.C. § 3582(c).  Dkt. 142.

On August 4, 2022, defendant filed the instant request to suspend his restitution payment obligations until his release from prison.  Dkt. 140 ("Rest. Req.").  The government filed an opposition on November 18, 2022.  Dkt. 148 ("Rest. Opp.").  Defendant filed a reply in support of his request on November 28, 2022.  Dkt. 150 ("Rest. Reply").

On September 19, 2022, defendant filed the instant motion for compassionate release.  Dkt. 143 ("Mot. for Release")  After seeking and receiving several extensions of time to respond, the government filed an opposition on February 12, 2023, dkt. 159 ("Mot. Opp.").  On February 27, 2023, and May 26, 2023, defendant filed two reply briefs.  Dkts. 160, 166.   Additionally, defendant has filed several supplemental "character reference" letters in support of his motion for compassionate release.  Dkt. 167.

Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

II.     **LEGAL STANDARD**

"A judgment of conviction that includes a sentence of imprisonment constitutes a final judgment and may not be modified by a district court except in limited circumstances."  <u>Dillon v. United States</u>, 560 U.S. 817, 824 (2010) (alterations omitted).  "Compassionate release

---

[1] On June 18, 2019, this matter was randomly reassigned to this Court upon the death of Judge O'Connell.  Dkt. 71.

provides an exception" to this general rule "in extraordinary cases." United States v. Holden, No. 3:13-cr-00444-BR, 2020 WL 1673440, at *2 (D. Or. Apr. 6, 2020).

Prior to December 21, 2018, "the Court could only reduce a sentence of imprisonment upon a motion of the Director of the Bureau of Prisons[.]" United States v. Esparza, No. 1:07-cr-00294-BLW, 2020 WL 1696084, at *1 n.1 (D. Idaho Apr. 7, 2020). But on December 21, 2018, Congress enacted—and the President signed into law—the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 ("FSA"), "with the intent of 'increasing the use and transparency of compassionate release.'" United States v. Willis, 382 F. Supp. 3d 1185, 1187 (D.N.M. 2019). Accordingly, the FSA now "permits defendants to bring their own motions for compassionate release after first exhausting their administrative remedies with the Bureau of Prisons." United States v. Ayon-Nunez, No. 1:16-cr-00130-DAD, 2020 WL 704785, at *2 (E.D. Cal. Feb. 12, 2020). "Although relief under the statute is commonly referred to as 'compassionate release,' such relief is not limited to immediate release, but includes a reduction in sentence." United States v. Marks, No. 03-cr-06033-L, 2020 WL 1908911, at *3 n.3 (W.D.N.Y. Apr. 20, 2020).

"Compassionate release is governed by 18 U.S.C. § 3582(c)." Willis, 382 F. Supp. 3d at 1187. The FSA modified Section 3582(c)(1)(A)(i) to allow for compassionate release when three requirements are met: "First, as a threshold matter, the statute requires defendants to exhaust administrative remedies. Second, a district court may grant compassionate release only if 'extraordinary and compelling reasons warrant such a reduction' . . . . Third, the district court must also consider 'the factors set forth in Section 3553(a) to the extent they are applicable.'" United States v. Rodriguez, 424 F. Supp. 3d 674, 680 (N.D. Cal. 2019) (quoting 18 U.S.C. § 3582(c)(1)(A)(i); see 18 U.S.C. § 3553(a) ("Section 3553(a)"). The FSA "grants broad discretion to the district courts in providing relief[.]" Jones v. United States, No. 4:98-cr-10-01, 2020 WL 219311, at *3 (E.D. Va. Jan. 6, 2020).

### III. MOTION FOR COMPASSIONATE RELEASE

#### A. Exhaustion of Administrative Remedies

"[A] court may not consider a motion brought under § 3582(c)(1)(A) unless (1) the Director of the BOP has filed the motion on the inmate's behalf, or (2) the inmate has requested that the BOP make such a motion and either (a) the inmate has "fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the [inmate]'s behalf," or (b) 30 days have elapsed since the "warden of the [inmate]'s facility" received a compassionate-release request from the inmate." United States v. Keller, 2 F.4th 1278, 1281 (9th Cir. July 1, 2021) (alterations in original). This "administrative exhaustion requirement imposes a mandatory claim-processing rule that must be enforced when properly invoked." Id. at 1282.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**                    **'O'**

Here, defendant contends that he has met the administration exhaustion requirement, and unlike the prior motion for compassionate release, the government has not disputed this point. See Mot. at 2; Opp. at 6–8.

### B. Extraordinary and Compelling Reasons

Section 3582(c) "provides a path for defendants in 'extraordinary and compelling circumstances' to be released from prison early." Rodriguez, 424 F. Supp. 3d at 681 (quoting 18 U.S.C. § 3582(c)(1)(A)). "Congress provided no statutory definition of 'extraordinary and compelling reasons.'" United States v. Aruda, 993 F.3d 797, 800 (9th Cir. 2021). Instead, Congress tasked the Sentencing Commission with "promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A)," including "what should be considered extraordinary and compelling reasons for sentence reduction . . . ." 28 U.S.C. § 994(t).

The Sentencing Commission issued a policy statement regarding "Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A)" at U.S.S.G. § 1B1.13. However, this policy statement pre-dated the FSA, and the Ninth Circuit has now held that it is not an "applicable policy statement[]" under Section 3582. Aruda, 993 F.3d at 802; see 18 U.S.C. § 3582(c)(1)(A)(i). In so doing, the Ninth Circuit cited approvingly to the Fourth Circuit's conclusion that, in the absence of an applicable policy statement, "district courts are 'empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise.'" United States v. McCoy, 981 F.3d 271, 284 (4th Cir. 2020) (quoting United States v. Brooker, 976 F.3d 228, 234–37 (2d Cir. 2020)) (alteration and emphasis in original). Nevertheless, the Ninth Circuit advised that, although not binding, "[t]he Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant . . . ." Aruda, 993 F.3d at 802.

As in his prior motion for compassionate release, defendant argues in the instant motion that extraordinary and compelling reasons for release exist based on his health conditions, which include "high blood pressure, diabetes, diabetes, hypertension, kidney-disease, schizoaffective disorder, a mood disorder, bipolar[], and hallucination," place him at "high risk of suffering a serious case of COVID-19." Mot. for Release at 5–6.

In opposition, the government reiterates the arguments it made with respect to defendant's prior motion. Specifically, the government cites the Third Circuit's holding in United States v. Raia that—notwithstanding "the risks that COVID-19 poses in the federal prison system"—the "mere existence of COVID-19 in society and the possibility that it may spread to a particular prison cannot independently justify compassionate release." Mot. Opp. at 8 (quoting 954 F.3d 594, 597 (3d Cir. 2020)). As to defendant's individual health conditions, the government argues

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**  **'O'**

that "a reduction of sentence due solely to concerns about the spread of COVID-19 is not consistent with the applicable policy statement of the Sentencing Commission as required by § 3582(c)(1)(A)." Id. (quoting United States v. Eberhart, 448 F. Supp. 3d 1086, 1090 (N.D. Cal. 2020)). Id. at 11. Additionally, the government contends that defendant's "health concerns do not, by themselves, satisfy [Section] 1B1.13" because defendant is not " 'terminally ill' " or "subject to a serious and unrecoverable condition that makes him unable to 'provide self-care' within a BOP facility." Id. at 9 (citing USSG section 1b1.13 comment. (n.1(A)(i)-(ii)).

In reply, defendant restates the health conditions he first listed in his motion and contends that "this Court has broad discretion to find in favor of a defendant who is seeking compassionate release." Dkt. 160 at 2; Dkt. 166 at 3.

As noted above, the Court previously concluded that defendant's health conditions, despite some of them posing high-risk factors for COVID-19 pursuant to the Centers for Disease Control ("CDC")'s guidelines, did not present an extraordinary and compelling reason to release defendant early from his sentence. See Dkt. 142. In support of this conclusion, the Court cited to numerous in- and out-of-circuit cases denying relief to similarly situated inmates. See, e.g., United States v. Kariblghossian, No. 2:13-CR-00318-CAS-1, 2021 WL 1200181, at *3 (C.D. Cal. Mar. 29, 2021) (denying relief to a COVID-19 vaccinated defendant with medical conditions including diabetes, obesity, and hypertension); United States v. Kolodesh, 484 F. Supp. 3d 245, 247–48 (E.D. Pa. 2020) (denying relief to a 58-year-old defendant with heart disease, obesity, and other conditions before development of COVID-19 vaccines); United States v. Hill, No. 18-271, 2020 WL 4431530, at *1 (E.D. Pa. July 31, 2020) (similar).

Additionally, the Court concluded in its prior order that "[w]ithout a record reflecting 'inadequate or insufficient' treatment of defendant's health conditions or a showing that FCI Big Spring's handling of the pandemic poses an individual concern, defendant cannot 'meet his burden demonstrating that this claim serves as grounds for compassionate release and the evidence he has submitted is insufficient to warrant the relief requested.' " Dkt. 142 at 6 (quoting United States v. Street, No. 2:18-CR-00131-RAJ, 2021 WL 124408, at *4 (W.D. Wash. Jan. 13, 2021)).

In the instant motion, defendant simply repeats his prior arguments relating to COVID-19 and does not identify any new factors presenting an extraordinary and compelling reason.[2] Additionally, defendant does not identify any changes to the applicable law that would warrant a

---

[2] It appears that there has been a decrease in COVID-19 cases at federal prison facilities from 2022 to 2023, compared to the period of 2020 to 2021. See, e.g., Federal Bureau of Prisons, Inmate COVID-19 Data, last updated August 30, 2023.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL              'O'**

different outcome.  For the reasons outlined above and set forth in its prior order, the Court denies defendant's Section 3582 motion for release.

Finally, because "a district court that properly denies compassionate release need not evaluate each step" in the Section 3582(c)(1)(A) analysis, Keller, 2 F.4th at 1284 (emphasis omitted), the Court does not reach the question of whether such release would comply with Section 3553(a).

### IV.    REQUEST FOR MODIFICATION OF RESTITUTION PAYMENT SCHEDULE

Defendant requests that the Court suspend the restitution order until he is released from prison.  See Rest. Req. at 1.  Defendant argues that because he was transferred to a federal facility that does not have UNICOR[3], he does not have the means to pay restitution at a monthly rate.  Id.

In opposition, the government notes that while the Court's restitution order set defendant's payment to be a minimum of $25 per quarter, defendant voluntarily signed up for the BOP's Inmate Financial Responsibility Program ("IFRP"). Rest. Opp. at 1.  Specifically, the government explains that upon defendant's transfer to FCI Big Spring in 2022, he agreed to pay $25 per month.  Id.  The government opposes defendant's restitution adjustment request on two grounds.  First, the government argues that defendant's challenges to the BOP's collection of restitution, including its administration of IFRP, are challenges to the manner, location, or conditions of his sentence's execution, which must be brought as a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the custodial court.  Id. at 4 (citing cases).  Additionally, the government explains that defendant must first exhaust administrative remedies before filing a Section 2241 petition, which he has not done here.  Id.

Second, the government states that "by claiming he can no longer comply with the Court-ordered payment schedule due to the purported change in his economic circumstances, [defendant] is in essence seeking an adjustment to the Court-ordered payment schedule under 18 U.S.C. § 3664(k)."  Id. at 8.  The government subsequently argues that defendant has failed to establish he has no means by which he can meet his minimum restitution obligations.  Instead, the government notes that even though defendant was transferred to a facility that does not participate in UNICOR, defendant works at FCI Big Spring's commissary and had $1,681.48

---

[3] UNICOR is the trade name for Federal Prison Industries, a wholly owned government corporation established by Congress that offers job training programs at various prison facilities.  See Rest. Opp. at 1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**     'O'

deposited from an external source into his inmate trust fund in the second half of 2022. Id. at 8–9 (citing Dkt. 148-2, Exhs. E, F).

In reply, defendant contends that the administration at FCI Big Spring "is [pressuring]" him to pay $1,600 per month in restitution and "[threatening] to place [him] on refusal" if he does not." Rest. Reply at 2. Defendant argues that the administration is "not honoring" the Court's restitution order by forcing him to pay above the minimum restitution obligation of $25 per quarter. Id.

The Court finds that, to the extent defendant wishes to challenge the BOP's collection of restitution, including his enrollment and payment plan in the IFRP, he must first properly exhaust administrative remedies and then bring challenges to those remedies in the custodial court in the Northern District of Texas pursuant to 28 U.S.C. § 2241. See Ward v. Chavez, 678 F.3d 1042, 1051 (9th Cir. 2012).

To the extent defendant argues, pursuant to 18 U.S.C. § 3664(k), that there has been a change in his financial circumstances to warrant adjustment of the Court's restitution order, the Court finds that defendant has not made the requisite showing. As noted above, defendant has retained a job at FCI Big Spring and has received deposits into his inmate trust fund exceeding $1,600 last year. Defendant has not shown that he is unable to pay the minimum $25 per quarter as set forth in the Court's restitution order.[4]

## V. CONCLUSION

In accordance with the foregoing, the Court **DENIES** defendant's motion for compassionate release and **DENIES** defendants' request to suspend restitution payments until his release from prison.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Deputy Clerk | CMJ |

---

[4] Although defendant requests that the Court suspend restitution payments entirely until he is released from prison, most of his arguments relate to his asserted inability to satisfy the IFRP's higher payment obligations, not the minimum obligation of the restitution order. As set forth above, challenges to the IFRP payment schedule must first be brought formally to the BOP and then to the custodial court, not the sentencing court.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**         **'O'**